JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-468 PA (SSx) | Date | January 22, 2016 |
|---|---|---|---|
| Title | Edwin J. Rambuski v. Volkswagen Group of America, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Volkswagen Group of America, Inc. ("Defendant") on January 21, 2016.  (Docket No. 1.)  Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Edwin J. Rambuski ("Plaintiff") based on the Court's diversity jurisdiction and federal question jurisdiction.  See 28 U.S.C. §§ 1331, 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

    The Notice of Removal alleges that Plaintiff "is a citizen and resident of San Luis Obispo County, California," citing to the first paragraph of the Complaint.  (Notice of Removal at 3.)  However, the Complaint alleges only Plaintiff's residence: "Plaintiff Edwin J. Rambuski . . . is, and at all times

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-468 PA (SSx) | Date | January 22, 2016 |
|---|---|---|---|
| Title | Edwin J. Rambuski v. Volkswagen Group of America, Inc. | | |

mentioned herein was, a resident of San Luis Obispo County, California." (Complaint ¶ 1.) Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations of Plaintiff's citizenship, based on an allegation of residence, are insufficient to establish Plaintiff's citizenship. See Kanter, 265 F.3d at 857. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id.; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

Defendant must also establish that the amount in controversy exceeds $75,000. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, Defendant argues that the amount in controversy requirement is satisfied by totaling Plaintiff's demand for restitution in the amount of $26,818.75 plus interest, punitive and exemplary damages, attorneys' fees, and injunctive relief. Defendant does not suggest any specific amounts at issue for any category of relief other than restitution. Rather, Defendant cites to cases demonstrating that these categories may be included in computing the amount in controversy and makes conclusory claims that these categories push the amount in controversy above $75,000. Such claims are not sufficient to carry Defendant's burden.

Finally, removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading,"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-468 PA (SSx) | Date | January 22, 2016 |
|---|---|---|---|
| Title | Edwin J. Rambuski v. Volkswagen Group of America, Inc. | | |

such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

      Defendant argues that the "Complaint raises a substantial federal question, because the allegations derive from the EPA Notice and the EPA's public charges of alleged violations of the Clean Air Act and related regulations."  (Notice of Removal at 5.)  While the Court recognizes that "the artful pleading doctrine allows federal courts to retain jurisdiction over state law claims that implicate a substantial federal question," there is no federal jurisdiction where a plaintiff "need not depend on the violation of federal law to bring his" state law claims.  Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1042, 1046 (9th Cir. 2003).  "'When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'"  In re Circular Thermostat, No. MDL C05-01673WHA, 2005 WL 2043022, at *5 (N.D. Cal. Aug. 24, 2005) (quoting Rains v. Criterion Systems, Inc., 80 F.3d 339, 346 (9th Cir. 1996)).  Defendant correctly points out that the Complaint repeatedly alleges violations of federal law and EPA regulations as bases for Plaintiff's state law claims.  However, each of Plaintiff's claims is alternatively supported by allegations of non-compliance with state emissions standards or general misrepresentations regarding the environmental safety of the vehicle at issue.  (See, e.g., Complaint ¶¶ 21, 29, 39, 43, 50, 55, 59, 67.)  Violation of federal law is not a necessary element of any of Plaintiff's claims.

      Therefore, Defendant has failed to meet its burden to demonstrate the Court's diversity or federal question jurisdiction.  Accordingly, the Court remands this action to San Luis Obispo County Superior Court, Case No. 15CV-0647.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.